IN UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| DALILLAH SHORT; KENICHA JOHNSON; NICOLE BOYKINS; individually and on behalf of a class of all others similarly situated, | | PLAINTIFFS |
| V. | CIVIL ACTION NO. 4:22-cv-00095-DMB-DAS | |
| MISSISSIPPI DELTA COMMUNITY COLLEGE (MDCC); DR. TYRONE JACKSON, President of MDCC, in his official and individual capacities; DERRICK FIELDS, MDCC Dean of Student Services, in his official and individual capacities; DR. STEVEN JONES, MDCC Vice President of Administrative and Student Services, in his official and individual capacities; PATRICIA KELLY, MDCC Dean of Health Science, in her official and individual Capacities; TRACI BECKHAM, MDCC Director of Nursing and MDCC Associate Degree Nursing (ADN) Chair, in her Official and individual capacities | | DEFENDANTS |

**ANSWER AND AFFIRMATIVE DEFENSES OF ALL DEFENDANTS**

Defendants Mississippi Delta Community College, Dr. Tyrone Jackson, Dr. Steven Jones, Patricia Kelly, Traci Beckham, and Derrick Fields (collectively "Defendants") submit this Answer and Affirmative Defenses to Plaintiffs' Complaint.[1]

**INTRODUCTION**

1.   Denied.

---

[1] The Plaintiffs' Complaint contains numerous paragraphs that have multiple allegations in a single paragraph. These paragraphs also contain assertions against multiple Defendants in the same paragraph. The Complaint does not contain separate allegations for each separate Defendant, and meshes together allegations that span across multiple Defendants and alleged conversations or writings with different Defendants. Defendants object to Plaintiffs' Complaint for the above reasons and also because the Complaint makes allegations throughout as if all Defendants had the same level of involvement and interaction with each Plaintiff—they did not.

1

2. Defendants admit that Mississippi Delta Community College ("MDCC") is in Sunflower County, Mississippi. The remainder of paragraph 2 contains irrelevant facts and assertions that do not appear to require any response from Defendants. In an abundance of caution, Defendants deny any allegations of unlawful conduct made in paragraph 2.

**JURISDICTION**

3. Defendants admit that jurisdiction is properly before this Court; however, Defendants deny all allegations of unlawful conduct asserted toward them. Defendants also deny that any basis exists for any class action certification or relief.

4. Defendants admit that this Court has the authority to grant declaratory and injunctive relief; however, the granting of any such relief is and would be unwarranted as no Defendant engaged in any unlawful conduct. Defendants also deny that any basis exists for any class action certification or relief.

5. Defendants admit that venue is proper for this filing, but deny all allegations of unlawful conduct against them. Defendants also deny that any basis exists for any class action certification or relief.

**PARTIES**

6. Defendants admit that Ms. Short was a student at MDCC. Defendants are either without sufficient information to admit or deny the remaining allegations in paragraph 6, or outright deny many of the allegations in paragraph 6. Therefore, Defendants deny the remaining allegations in paragraph 6.

7. Defendants admit that Ms. Johnson was a student at MDCC. Defendants are either without sufficient information to admit or deny the remaining allegations in paragraph 7, or

outright deny many of the allegations in paragraph 7. Therefore, Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit that Ms. Boykins was a student at MDCC. Defendants are either without sufficient information to admit or deny the remaining allegations in paragraph 8, or outright deny many of the allegations in paragraph 8. Therefore, Defendants deny the remaining allegations in paragraph 8.

## DEFENDANTS

9. Defendants admit that MDCC is a public school and that it provides various associate and technical degrees, including those mentioned in paragraph 9.

10. Defendants admit that Dr. Jackson is the MDCC President and that he was hired/appointed by the MDCC Board. The remainder of the allegations in paragraph 10 are merged, meshed allegations that are either inaccurate or cannot be reasonably separated; therefore, Defendants deny the remaining allegations in paragraph 10.

11. Denied.

12. Defendants admit that Dr. Jones is a MDCC Vice President. Defendants deny the remaining allegations in paragraph 12.

13. Defendants admit that Ms. Kelly is the Dean of Health Sciences. Defendants deny the remaining allegations in paragraph 13.

14. Defendants admit that Ms. Beckham is the Director of Nursing and is the Associate Degree of Nursing Chair. Defendants deny the remaining allegations in paragraph 14.

## GENERAL ALLEGATIONS

15. Defendants admit that MDCC has a drug testing policy that the named Plaintiffs agreed to, that the named Plaintiffs all tested positive for drugs, and that all the named Plaintiffs

3

were ultimately expelled. Defendants admit that the policy contains random drug testing. Defendants affirmatively assert that the policy is lawful and constitutionally sufficient. To the extent any allegations in this paragraph are unanswered by the above or contain allegations of unlawful conduct by any Defendant, those allegations are specifically denied.

16. Defendants admit that Plaintiffs were subject to a MDCC drug testing policy and did in fact test positive for drugs. The remainder of paragraph 16 meshes together or phrases language to assert that the policy and its application are unlawful; therefore, Defendants deny the allegations in paragraph 16.

17. Paragraph 17 contains an excerpt of a policy that appears to generally assert what a portion of a MDCC policy is. This paragraph does not appear to require any response; however, in an abundance of caution, Defendants deny any unlawful conduct related to paragraph 17.

18. Defendants admit that Ms. Short failed a hair follicle drug test. Defendants deny any unlawful conduct related to paragraph 18.

19. Defendants are either without sufficient information to admit or deny the allegations in paragraph 19 or outright deny certain allegations; therefore, the allegations in paragraph 19 are denied.

20. Denied.

21. Denied.

22. Defendants are either without sufficient information to admit or deny the allegations in paragraph 22 or outright deny certain allegations; therefore, the allegations in paragraph 22 are denied.

23. Defendants admit the testing lab had some problem with the "re-analysis" of Ms. Short's drug test. Defendants are either without sufficient information to admit or deny the

remaining allegations in paragraph 23 or outright deny certain allegations; therefore, the remaining allegations in paragraph 23 are denied.

24. Denied.

25. Denied.

26. Defendants admit that Ms. Johnson failed a hair follicle drug test. Defendants deny any unlawful conduct related to paragraph 26.

27. Defendants admit that Ms. Johnson was subject to a MDCC drug testing policy for which she had received some negative test results, but she also tested positive and was properly expelled from school. Defendants deny all allegations of unlawful conduct in paragraph 27.

28. Defendants are either without sufficient information to admit or deny the allegations in paragraph 28 or outright deny certain allegations; therefore, the allegations in paragraph 28 are denied.

29. Defendants admit that Ms. Johnson tested positive for drugs and was ultimately dismissed, but deny the remaining allegations in paragraph 29.

30. Defendants admit that Ms. Johnson failed a drug test and that her "re-analysis" of that same testing sample was positive. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 30 and, therefore, deny those allegations.

31. Defendants are without sufficient information to admit or deny the allegations in paragraph 30 and, therefore, deny those allegations.

32. Denied.

33. Denied.

34. Defendants admit that Ms. Boykins was subject to a hair based drug test that she failed. MDCC does not take or cut the hair used for testing; therefore, Defendants deny all allegations related to taking or cutting hair.

35. Defendants admit that Ms. Boykins was subject to a MDCC drug testing policy for which she had received some negative test results, but she also tested positive and was properly expelled from school. Defendants deny all allegations of unlawful conduct in paragraph 35.

36. Defendants admit that Boykins tested positive for cocaine and was ultimately dismissed from the program. Defendants are either without sufficient information to admit or deny the remaining allegations in paragraph 36 or outright deny certain allegations; therefore, the remaining allegations in paragraph 36 are denied.

37. Defendants are either without sufficient information to admit or deny the allegations in paragraph 37 or outright deny certain allegations; therefore, the allegations in paragraph 37 are denied.

38. Defendants admit the testing lab had some problem with the "retest" of Ms. Boykins' sample. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 38. Therefore, the remaining allegations in paragraph 38 are denied.

39. Paragraph 39 contains a meshing of incorrect allegations, allegations that may be only partially correct, and allegations that concern different Defendants. Answering these allegations would require Defendants to parse each sentence out of this paragraph (and literally different parts of a sentence) and Defendants are not required to do this; therefore, Defendants deny the allegations in paragraph 39.

40. Defendants are without sufficient information to admit or deny the allegations in paragraph 40; therefore, the allegations in paragraph 40 are denied.

41. Defendants are without sufficient information to admit or deny the allegations in paragraph 41; therefore, the allegations in paragraph 41 are denied.

42. Paragraph 42 contains a meshing of non-specific allegations, incorrect allegations, and allegations that may be only partially correct. Therefore, Defendants deny the allegations in paragraph 42.

43. Defendants admit that Ms. Boykins was told that MDCC would stick with and enforce its policy. The remainder of Paragraph 43 contains a meshing of incorrect allegations and allegations that may be only partially correct. Answering these allegations would require Defendants to parse each sentence out of this paragraph (and literally different parts of a sentence) and Defendants are not required to do this; therefore, Defendants deny the remaining allegations in paragraph 43.

44. Denied.

45. Denied.

46. Denied.

47. Defendants are without sufficient information to admit or deny the allegations in paragraph 47; therefore, the allegations in paragraph 47 are denied.

48. Denied.

## CLASS ACTION ALLEGATIONS

49. Denied.

50. Defendants admit Plaintiffs are bringing their request for relief as stated in paragraph 50; however, Defendants deny that Plaintiffs meet the requirements of Rule 23 or any other class action requirement.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants are without sufficient information to admit or deny the allegations in paragraph 60; therefore, the allegations in paragraph 60 are denied.

61. Denied.

## CAUSE OF ACTION

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## PRAYER FOR RELIEF

Defendants deny all of the relief requested in Plaintiffs' "Prayer for Relief," including but not limited to:

    A. Denied.

    B. Denied.

    C. Denied.

    i.  Denied.

    ii.  Denied.

      1.  Denied.

      2.  Denied.

      3.  Denied.

    iii.  Denied.

      1.  Denied.

  D.  Denied.

  E.  Denied.

  F.  Denied.

  G.  Denied.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

2. Defendants plead all applicable statutes of limitation.

### **THIRD AFFIRMATIVE DEFENSE**

3. Plaintiffs agreed to and consented to the drug testing policies at issue; therefore, they have consented to and/or waived any claims related to those policies.

### **FOURTH AFFIRMATIVE DEFENSE**

4. All individual defendants plead qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

5.     The named Plaintiffs are not similarly situated; therefore, they are not proper representatives for each other, much less any other alleged class member.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Defendants acted in good faith at all times in this matter.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     Defendants engaged in no custom, practice, or course of conduct related to or regarding any unlawful or illegal activity or action.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Defendants plead that Plaintiffs' claims are estopped, and assert all estoppel defenses.

**NINTH AFFIRMATIVE DEFENSE**

9.     Defendants plead discretionary immunity.

**TENTH AFFIRMATIVE DEFENSE**

10.    Common questions of fact and law do not predominate regarding the alleged or potential plaintiffs; therefore, class certification or relief cannot be awarded.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    The claims and defenses of the representative parties are not typical.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    The representative parties will not fairly or adequately protect any class-based interest.

<b><u>THIRTEENTH AFFIRMATIVE DEFENSE</u></b>

13.     There is no risk of inconsistent or varying adjudications.

<b><u>FOURTEENTH AFFIRMATIVE DEFENSE</u></b>

14.     Non-parties will not be substantially impaired or impeded from protecting their interests.

<b><u>FIFTEENTH AFFIRMATIVE DEFENSE</u></b>

15.     Questions of law or fact do not predominate over questions affecting individuals.

<b><u>SIXTEENTH AFFIRMATIVE DEFENSE</u></b>

16.     While denying that Plaintiffs are entitled to any relief whatsoever, if they were to prevail, the only remedy available to them would be to have any expulsion appeal heard by a panel appointed by Mississippi Delta Community College.

<b><u>SEVENTEENTH AFFIRMATIVE DEFENSE</u></b>

17.     The purported class members lack standing.

<b><u>EIGHTEENTH AFFIRMATIVE DEFENSE</u></b>

18.     Neither the Plaintiffs or any alleged class members are entitled to recover punitive damages as any such award would violate the constitutional rights of Defendants under provisions of the United States and Mississippi Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Mississippi Constitution.

<b><u>NINETEENTH AFFIRMATIVE DEFENSE</u></b>

19.     All policies at issue contain sufficient constitutional safeguards and protections.

WHEREFORE, PREMISES CONSIDERED, Defendants ask that all claims be dismissed and that all costs of the matter be taxed to Plaintiffs.

This the 28th day of October, 2022.

        MISSISSIPPI DELTA COMMUNITY COLLEGE, DR. TYRONE JACKSON, DR. STEVEN JONES, PATRICIA KELLY, TRACI BECKHAM AND DERRICK FIELDS

        By their Attorneys,
        JONES WALKER LLP

        */s/ Joseph L. Adams*
        Joseph L. Adams

Joseph L. Adams (MSB #10591)
Jones Walker LLP
P. O. Box 427
Jackson, MS 39205-0427
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
Email: jojoadams@joneswalker.com

## CERTIFICATE OF SERVICE

I, Joseph L. Adams, do hereby certify that I have this day caused to be filed a true and correct copy of the foregoing document with the Clerk of the Court, using the Court's ECF system, which will provide notification of such filing to counsel of record:

Ms. Paloma Wu
Mr. Robert B. McDuff
Mississippi Center for Justice
210 E. Capitol Street, Suite 1800 (39201)
P.O. Box 1023
Jackson, MS 39215
pwu@mscenterforjustice.org
rmcduff@mscenterforjustice.org

SO CERTIFIED this the 28th day of October, 2022.

        */s/ Joseph L. Adams*
        Joseph L. Adams