## IN UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**DALILLAH SHORT; KENICHA JOHNSON;
NICOLE BOYKINS; individually and on behalf
of a class of all others similarly situated,**                              **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 4:22-cv-00095-DMB-DAS**

**MISSISSIPPI DELTA COMMUNITY
COLLEGE (MDCC); DR. TYRONE JACKSON,
President of MDCC, in his official and individual
capacities; DERRICK FIELDS, MDCC Dean of
Student Services, in his official and individual
capacities; DR. STEVEN JONES, MDCC Vice
President of Administrative and Student Services,
in his official and individual capacities;
PATRICIA KELLY, MDCC Dean of Health
Science, in her official and individual Capacities;
TRACI BECKHAM, MDCC Director of Nursing
and MDCC Associate Degree Nursing (ADN)
Chair, in her Official and individual capacities**                **DEFENDANTS**

## AGREED STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1)(A)(ii), all parties herby stipulate to the dismissal of this matter with prejudice, with each side bearing its own costs and fees.

1.      This matter was filed as a purported class action on behalf of three (3) former Mississippi Delta Community College ("MDCC") Health Sciences students, individually, and on behalf of all others similarly situated. [Doc. 4].

2.      No class was certified in this matter, no class was proffered or attempted to be certified in this matter, and no class-based discovery or notification occurred.  Accordingly, the requirements of Rule 23(e) of the Federal Rules of Civil procedure are not applicable.  After the Complaint and Amended Complaint were filed in this matter, the entirety of the case concerned MDCC's Health Sciences Drug testing Policy, and only the three named individual Plaintiffs, and no other current or former student.

3.     The Defendants and the three (3) named Plaintiffs have all agreed to full, final, and binding resolution of their claims, and the MDCC Board has approved a new Health Sciences Drug Testing Policy and Procedure going forward, attached hereto as *Exhibit A*. There are no remaining disputes between the three (3) named Plaintiffs and any Defendant.

4.     Each side has agreed to bear its own costs and fees in this matter, and no money or financial remuneration is being paid pursuant to the resolution of this case.

5.     While filed as a class action, there was never any class based discovery or any attempt to certify any class. No class "notice" was ever created, mailed, or distributed, and no other potential class members were identified, nor were efforts made to attempt to identify other potential class members.

6.     Defendants acknowledge and recognize that because this matter was resolved prior to any class based discovery, any attempt to propose or certify a class, and without any class-based allegation being resolved, this Stipulation of Dismissal is only binding on the named Plaintiffs. Accordingly, there are no class based identifying documents to be filed under Rule 23(e)(3) and there are no "exclusion" issues under Rule 23(e)(4) of the Federal rules of Civil Procedure.

7.     Further, as there is no class, either actual, purported, or attempted, under Rules 23(e)(1)(A) and (B) of the Federal Rules of Civil Procedure, there are no class members to give notice to or whose approval is needed to resolve this matter.

8.     All parties are in agreement the resolution reached is fair and reasonable.

9.     The parties had experienced, seasoned counsel for representation who operated at arms-length, the relief provided to the named Plaintiffs is adequate and accepted, and the settlement of this matter was reached only after a substantial amount of time and negotiation took place.

10.     Because this matter was never certified as a class action and no effort was made to find class members or conduct class discovery, there are no other members to "bind" under Federal Rule of Civil Procedure 23(e)(2), nor are there any possible objectors under Rule 23(e)(5).

11.     The Provisions of Rule 23.1(c) are inapplicable as this matter is not a "derivative" action as stated in Rule 23.1 of the Federal Rules of Civil Procedure.  The provisions of Rule 23.2 of the Federal Rules of Civil Procedure do not apply as there are no allegations against any "unincorporated association" as contemplated by that Rule.  The provisions of Rule 66 of the Federal Rules of Civil Procedure are inapplicable as no "receiver" has been appointed and no "receiver" is filing suit or being sued.

12.     The parties have agreed to bear their own fees and costs, so there is no attorney fee agreement or provision for the Court to consider.

13.     No financial remuneration is being paid, so there are no payment or financial considerations for the Court to make.

**SO STIPULATED AND DISMISSED WITH PREJUDICE THIS  _14th_  DAY OF  _July_ , 2023.**


/s/Joseph L. Adams
Joseph L. Adams (MSB # 10591)
Jones Walker LLP
190 E. Capitol St., Suite 800
Jackson, Mississippi 39201
(601) 949-4900
jojoadams@joneswalker.com

*Attorney for Defendants*

/s/Paloma Wu
Paloma Wu (MSB # 105464)
Robert McDuff (MSB # 2532)
210 E. Capitol St., Suite 1800
Jackson, Mississippi 39201
(601) 709-0857
pwu@mscenterforjustice.org
rmcduff@mscenterforjustice.org

*Attorneys for Plaintiffs*

**Exhibit A**

MISSISSIPPI DELTA COMMUNITY COLLEGE

HEALTH SCIENCES
SUBSTANCE ABUSE OR MISUSE POLICY

## I.     PURPOSE AND GOALS

Mississippi Delta Community College ("MDCC") and its Health Sciences Department recognize that substance abuse is a significant public health problem in the United States, and that drug overdose is now a leading cause of death among Americans under 50 years of age. Abuse and misuse poses health risks, potential legal violations, and affects many individuals, including health care providers and patients.

Abuse or misuse may affect the ability of a health care provider to deliver safe, high-quality care. This policy promotes and assists the student's ability to maintain personal and professional integrity and facilitates the student's success both clinically and didactically. This policy promotes a healthy learning environment for the student. In the clinical and laboratory setting, this policy enhances patient safety and meets the mandated clinical requirements set forth by the clinical facilities utilized by MDCC.

It is the goal of MDCC to maintain an environment that is free from the abuse or misuse of intoxicants that impair mental acuity or physical dexterity in the classroom, lab, and/or clinical settings. It is our belief that a substance/drug free environment benefits the students and employees of MDCC as well as the surrounding community. MDCC Health Sciences will not tolerate abuse or misuse of drugs or alcohol while on any MDCC campus or clinical affiliate or as a student of any MDCC Health Sciences program.

## II.  PROGRAM ENTRANCE AND OTHER REQUIREMENTS

A satisfactory substance screen is required for admission, readmission, and/or progression in MDCC's Health Science programs. All testing or screening will be done by certified laboratories who maintain normal chain of custody requirements. Substance screen results must meet all MDCC affiliated clinical agency requirements, and this issue may not be altered or changed by this policy. If a clinical requirement of a provider conflicts with this policy, the clinical agreement shall control.

Substance testing procedures will be carried out under the direction of the Dean of Health Sciences utilizing the college's designated testing agency. Testing will generally be done by hair or urine, but MDCC reserves the right to use  blood testing if the circumstances warrant such testing if deemed necessary by the Dean of Health Sciences in consultation with the collecting/testing agency.

Testing results are submitted directly to the Dean of Health Sciences. Substance test results for the College of Health Sciences will be securely maintained under the supervision of the Dean of Health Sciences.

### III.    TESTING REQUIREMENTS

To insure a drug-free workplace and learning environment, MDCC's College of Health Sciences' students are required to submit to substance testing prior to program admission, randomly each semester, and for reasonable cause.  Pre-admission substance screening is required for all students admitted to the Health Science Programs.  Random and/or group substance screening will take place each semester.  Any person in the role of a student in a Health Science Program who exhibits symptoms or behavior indicative of being under the influence of mind altering substances (reasonable suspicion exists) may be required to have a substance and/or alcohol screening performed immediately.

Faculty members, Program Directors, and the Dean of Health Sciences will consult to determine if there is reasonable suspicion of student impairment due to drug or alcohol use (including over-the-counter or prescribed medications) based upon but not limited to: unusual or aberrant behavior or patterns of abnormal or erratic behavior; physical symptoms of impairment; arrest or conviction of a drug or alcohol related offense; evidence of drug tampering, drug diversion, or misappropriation; direct observation of drug use or discrepant drug counts; alterations in student clinical, laboratory, fieldwork, and/or didactic performance; school, clinical, or work-related injury or illness; observation of poor judgement or careless acts which caused or had the potential to cause patient injury, jeopardize the safety of self or others, or resulted in damage to equipment. If tested due to suspicion, the student may be suspended pending test results and the student's demonstrated behavior and condition.  Refusal by a student to participate in a substance screening is in violation of this policy and will result in dismissal.

All substance screening will be done in a manner to assure verification of an accurate specimen.  Collection and testing will be performed by an authorized substance testing agency/laboratory designated by the MDCC Dean of Health Sciences.  All students who are tested must be witnessed by an approved MDCC employee or a staff member of MDCC's designated collecting agency.  Test results from an outside vendor will not be accepted, except as stated below during any appeal process. If the collected specimen does not meet the necessary testing standards of the collecting agency, the student may be subject to re-collection.

If any student(s) is caught falsifying a specimen or in possession of a falsified specimen, that individual(s) will be immediately re-tested and be subject to disciplinary action by MDCC and the College of Health Sciences. If a student does not report or refuses substance testing at the designated time, or leaves the testing area without giving a specimen, the test will be considered positive and the student will be dismissed immediately from the program.

### IV.    DUTY TO DISCLOSE

All prescription or other medications taken regularly or as needed should be listed on the student Health Assessment Form. Students are responsible for updating their student Health Assessment record as medications change or are added.

## V.     TEST RESULTS

All testing will be done by certified laboratories.  While MDCC reserves the right to use blood testing, the testing done pursuant to this policy will generally be done by hair or urine testing.  If blood testing is used, it will be used in conjunction with a reasonable suspicion analysis and two separate blood samples will be taken and tested before any positive result is reported.

For hair testing, at the time of collection, two separate hair collections for each student will occur subject to customary chain of custody requirements.  If the initial screening of the first sample shows a negative result, the test will be reported as negative. If the initial screening of the first sample shows a positive result, the same sample will be confirmed by Gas or Liquid Chromatography and Mass Spectrometry ("GC/LC-MS") testing.  If that confirmation process shows a negative result, the result will be reported as negative.

If the confirmation process of the first hair specimen shows positive, the student may challenge the result by having the collected, second sample tested under the direction of the initial testing company at a different, certified laboratory of the same equivalency, at the student's cost.  The request for the second sample specimen testing must be made in writing within twenty four (24) hours of the notification of the positive result, or the test will be reported as positive, subject to the MRO's actions stated below. If either of the results of the initial or confirmation testing of the second sample show negative, the test will be reported as negative.  If both the initial and confirmation screenings for the second sample show positive, then a positive result will be reported, subject to the Medical Review Officer's ("MRO") actions stated below.

For urine testing, a specimen will be collected by split specimen, and placed into two bottles by the collecting agency, bottle A and bottle B, which is sent to a certified lab by proper chain of custody.  If the testing of the specimen in Bottle A yields a negative result, the test will be reported as negative.  If the testing of the specimen in Bottle A shows a positive, confirmed result, the student may challenge that result by having Bottle B tested under the direction of the initial testing company at a different, certified laboratory of the same equivalency, at the student's cost.  The request to test the Bottle B specimen must be made in writing within twenty four (24) hours of the notification of the positive result, or the test will be reported as positive, subject to the MRO's actions stated below.

If a student is confirmed positive by the certified laboratory, the MRO from the testing laboratory will contact the student to request verification/documentation of any controlled or prescribed drug.  The MRO will make multiple attempts to contact the student.  Failure of the student to respond to the MRO will result in a positive drug screen result.  The MRO will review the information provided by the student.  If the information provided to the MRO satisfies the requirements to report a negative drug screen, the MRO will issue a negative drug screen result.

Students with prescriptions must provide to the MRO acceptable documentation of prescriptions within 24 hours after notification of a positive test result.  If the information

provided by the student to the MRO does NOT satisfy the requirements to report as a
negative drug screen, the MRO will issue a confirmed positive drug screen result.

## VI.   POSITIVE TEST RESULTS AND DISCIPLINARY ACTION

Students who test positive—as reported by the MRO/testing agency or
laboratory—will be immediately removed from all clinical, lab, and hands on activities or
sessions.  The student will be allowed to attend classroom lectures only, subject to the
appeal procedures stated below.  This includes positive tests reported to the College by an
MRO or testing agency for employment purposes, law enforcement purposes, or school
purposes.  Nothing in this policy shall prohibit reporting of positive test results as
required or allowed by law, subject to the Family Educational and Privacy Rights Act
("FERPA").  Prior to any report being made, an individual assessment of the facts and
circumstances must be made regarding the specific student at issue.

Students who wish to file an appeal of a positive drug testing result must do so
within forty eight (48) hours of MDCC receiving the positive result.  The appeal must be
in writing and must be hand-delivered to the Dean of Health Sciences.  The student's
appeal will be heard within three (3) working/business days of the receipt of the appeal
by the Dean.  MDCC will create an appeal committee, chaired by the Dean of Health
Sciences, to hear the appeal.  The members of said committee will be knowledgeable of
this policy and have no direct involvement or relationship with the student.  This is the
sole and exclusive appeal remedy for any Health Sciences student.

The appeal committee will not be bound by any formal rules of evidence or law
and will use its best judgment, in its discretion, to receive evidence, information, and
testimony during any appeal hearing.  The committee shall have the authority to limit the
time of and information received during any hearing.  The committee shall have the
authority to accept the positive result, not accept the positive result if the facts and
circumstances warrant a rejection in the committee's discretion, or make any remedy it
believes is necessary based on the information presented during the hearing.

The student will be allowed to present any information the student believes to be
relevant, subject to the above limitations as established by the committee.  The student
will be allowed to have one advisor present during the hearing; however, the student
should be aware that it is unlikely MDCC will have legal counsel present during the
hearing.  The committee will want to hear from the student (not the advisor), and the
committee has the discretion to limit the involvement of the advisor during any hearing.
There will be no exceptions made to the rule of only one advisor per student during any
hearing.

The committee will hear the information presented during the hearing and any other
information it considers relevant and render a decision to the student within twenty four
(24) hours of the conclusion of the hearing.  The committee's decision will be final,
subject to an appeal directly to the College President.  Any appeal to the College
President must be made in writing and within twenty four (24) hours of the committee
providing notice of its decision to the student.  The appeal to the President will be solely
in writing, and the President will render a decision within forty eight (48) hours of
receiving the student's appeal.  The student must also copy the committee chairperson on

any appeal. The failure by the student to meet any of these timelines will result in dismissal of the appeal.

Any missed clinical, lab, or hands on work or assignments during the appeal process shall not be the liability or responsibility of MDCC. Further, MDCC shall not— and cannot—alter any clinical or laboratory requirements because of or due to any appeal.

Students who are dismissed due to a positive drug screen will be given an opportunity to meet with the Program Director and the Dean of Health Sciences for possible consideration of readmission the following year. The student may be considered for probationary re-admission (ONE time only) following completion of a chemical dependency program approved by the Health Science Program at the student's expense. Once completed, the student is then eligible to be considered for re-admission into the Health Science program.

Any student being considered for re-admission into a Health Science program will be considered on an individual basis. Space must be available in the class and no precedent will be established based on any individual decision. At the discretion of the Dean of Health Sciences with the recommendation of the Admission Committee, a student requesting re-admission to a Health Science program may be required to take a challenge exam to assess placement. It may be necessary that courses be repeated. If probationary re-admittance is granted, after-care monitoring will be required for the duration of the course of study at the student's expense. The re-admitted student must meet and follow all policies of re-admission as outlined by the program.

I, _____, have read, understand, and shall abide by the substance abuse and misuse policy of Mississippi Delta Community College. I grant permission for drug and alcohol testing of myself and acknowledge consent by this signature affixed hereto. I grant permission for the laboratory facility or testing agency to release lab results to Mississippi Delta Community College.

_____          _____

Student Signature                              Date

_____          _____

Signature of Parent/Guardian                   Date